UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SPECTOR, | CASE No. 1:12-cv-01450-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE IN RE TEMPORARY RETRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, STATE OF CALIFORNIA, et al., | |
| | (ECF No. 6) |
| Defendants. | FOURTEEN (14) DAY DEADLINE |

I. **PROCEDURAL HISTORY**

Plaintiff Phillip Spector, a state prisoner, initiated this action on August 29, 2012 in Kings County Superior Court.[1] (Notice of Removal, ECF No. 1, Attach. 1.) In it, he alleges negligence, violation of prison regulations, and violation under 42 U.S.C. § 1983. Plaintiff names as Defendants (1) California Substance Abuse Treatment Facility

---

[1] Phillip Spector v. California Department of Corrections, et al., Kern County Super. Ct. Case No. 12C0261.

-1-

("CSATF"), (2) California Department of Corrections and Rehabilitation ("CDCR"), (3) Dr. Kumar D.D.S., (4) Dr. Pringle D.D.S., and (5) Does 1-10. (Id. at 2.)

Defendant Kumar was served on September 5, 2012. and immediately removed this action to this Court. (Notice of Removal at 1 and 2.) Defendants CSATF and CDCR consented to removal. (Joinder, ECF Nos. 4 & 13.) On September 12, 2012, Defendants CSTAF and Kumar filed their Answer to the Complaint. (Answer, ECF No. 5.) On October 4, 2012, Defendant CDCR filed its Answer to the Complaint. (Answer, ECF No. 14.)

On September 13, 2012, Plaintiff filed an Ex Parte Application for Order to Show Cause in re Temporary Restraining Order and Preliminary Injunction (Appl. for TRO/Prelim. Inj., ECF No. 6) to permit him to have dental work completed as previously begun by his private dentist. On October 5, 2012, Defendants CDCR, CSATF, and Kumar filed Opposition to the Application. (Opp'n to TRO/Prelim. Inj., ECF No. 15.) Plaintiff did not file a Reply brief within the time for doing so or at all. On October 17, 2012, the Court deemed the matter submitted for ruling on the papers filed and without oral argument. (Minute Order, ECF No. 16.)

## II.     SUMMARY OF CLAIMS AND APPLICATION

Plaintiff claim Defendants have been deliberately indifferent to his serious dental needs by denying him access to a Dr. Albus, his private dentist of long standing, for completion of dental implants and other dental work begun by him. He also alleges Defendants have negligently provided dental care to him and caused him severe, and activity limiting, pain. He asserts that such actions violate the cruel and unusual

punishments clause of article 1, section 17 of the California Constitution,[2] the Eighth and Fourteenth Amendments of the U.S. Constitution, Cal. Code Regs. tit. 15 § 3354(c), and state negligence law. (Notice of Removal, Attach. 1 at 13-20.)

Plaintiff has been incarcerated at CSATF since June 2009. (Id. at 4.) He is over 70 years old and alleges severe dental problems including infections, loss of teeth and periodontal disease. (Id. at 4, 13.) Until August 2010, Dr. Albus was allowed to provide dental care to Plaintiff at Dr. Albus' Burbank, California office, pursuant to a treatment plan that included decay removal and preliminary work for dental implants. Relying on CDCR's authorization of such treatment, Plaintiff paid the entire cost thereof which exceeded $10,000. (Id. at 5 and 11.)

In August 2010, the CDCR updated its Inmate Dental Services Program, Policies & Procedures Manual ("P&P") (Id. at 6) so that CDCR dentists were prohibited from initiating, completing, or repairing dental implants for inmates even for inmates with dental implants begun but not completed at the time of incarceration.[3] Thereafter, the CDCR, through Defendant Kumar, D.D.S., CSATF Supervising Dentist, declined to allow Plaintiff's continued treatment by Dr. Albus. (Id.) Specifically, Defendant Kumar and Defendant Pringle, D.D.S., CDCR Region III Dentist Director, citing to the P&P, informed

---

[2] Plaintiff's cruel and unusual punishments claim is properly analyzed under the Eighth Amendment of the U.S. Constitution. See Giraldo v. California Dep't of Corr. and Rehab., 168 Cal.App.4th 231, 253-57 (Cal.Ct. App. 2008), citing Katzberg v. Regents of the University of California, 29 Cal.4th 300, 329 (2002) (there is no private cause of action for damages for violation of the cruel and unusual punishments clause of the California Constitution at article 1, section 17); Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992), citing Payne v. Superior Court, 17 Cal.3d 908, 914 at n.3 (Cal. 1976) (the discussion of plaintiff's federal constitutional claim resolves both the federal and state constitutional claim.)

[3] CDCR Division of Correctional Health Care Services, P&P, Ch. 2.11 "Implants".

Plaintiff in November 2010 that he would no longer be allowed treatment by Dr. Albus. (Id.) Dr. Albus' May 2011 request for permission to treat Plaintiff was denied by Dr. Kumar. (Id. at 13.) Plaintiff alleges Dr. Kumar then provided dental care which was contrary to Dr. Albus' treatment plan, undermined the work Dr. Albus had done, and caused Plaintiff severe ongoing pain. (Id. at 7.)

Plaintiff filed a claim with the State Victim Compensation and Government Claims Board. It was rejected on January 19, 2012. (Id. at 13.) Plaintiff's health care appeal, seeking treatment by Dr. Albus was denied at the Third Level in April of 2012, on the ground that CDCR was providing constitutionally appropriate treatment. (Id. at 12.)

Plaintiff seeks monetary damages and injunctive relief directing Defendants to allow Plaintiff to receive immediate dental treatment from Dr. Albus at Plaintiff's expense. (Id. at 20.) As noted, his current application seeks an order allowing Dr. Albus to resume and complete his treatment plan forthwith at Plaintiff's expense.

### III.  LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of

the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief is to be granted "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

## IV.   ANALYSIS

### A.   Plaintiff Has not Shown Likely Success on the Merits

#### 1.   Eleventh Amendment and Personal Participation

Plaintiff's claims against the CDCR and CSATF are barred by the Eleventh Amendment. The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996). The CDCR including its CSATF facility are entitled to Eleventh Amendment immunity from suit. See Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989) (dental department of state prison part of state Department of Corrections and immune from § 1983 actions.)

Plaintiff also makes no allegations against any of the Doe Defendants. To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

////////

//////

## 2. Medical Indifference

Plaintiff's allegations of medical indifference on the part of Defendants Kumar and Pringle are disputed. The facts alleged do not reflect a likelihood that Plaintiff will succeed on the merits.[4]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that

---

[4] Plaintiff's medical indifference claim is covered by the more explicit clause of the Eighth Amendment, rather than the Due Process Clause of the Fourteenth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) ("Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.")

a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Similarly, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges chronic dental pain, periodontal disease and loss of teeth. He claims he has trouble speaking and has lost weight because chewing is painful. (Decl. of Phillip Spector in Supp. at ¶ 12; Decl. of Dr. Jerry Albus in Supp. at ¶ 11.) These alleged conditions are sufficient to show a serious need for dental treatment satisfying

the first prong of deliberate indifference. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (chronic great pain, inability to chew properly and inadequate treatment causing tooth degeneration to point requiring extraction as sufficient to state a serious medical condition.) "Dental care is an important medical need, the denial of which may constitute an Eighth Amendment violation." Dixon v. Bannister, 845 F.Supp.2d 1136, 1143 (D. Nev. 2012).

However, the facts alleged do not suggest a likelihood Plaintiff can show Defendants Kumar and Pringle were deliberately indifferent to these serious dental needs.

Dr. Albus, who has not examined Plaintiff since June 2010, believes the CDCR is incapable of treating Plaintiff's gum disease appropriately and providing the implants necessary to enable Plaintiff to chew food. (Decl. of Dr. Jerry Albus in Supp. at ¶¶ 10-11.) He feels Plaintiff's partially complete dental implant treatments need be finished urgently. (Id. at ¶ 12.)

Plaintiff has no right to treatment by a private dentist. Cal. Code Regs. tit. 15 § 3354(a)(c)(f). Dr. Albus' reported dental implant plan is not binding on Defendants and it, in any event, exceeds the basic dental treatment available from CDCR. (Decl. of Phillip Spector in Supp. at ¶¶ 10-11.) There also is professional disagreement as to the proper course of treatment.

The CDCR's Deputy Statewide Dental Director, M. Rosenberg, D.D.S., opines that Plaintiff's ongoing CDCR dental care is constitutionally adequate. (Decl. of Rosenberg in Opp'n at ¶ 9; Opp'n to TRO/Prelim. Inj. at Attach. 2.) He reports that such care includes treatment for gum disease and maintenance, cleaning and scaling, tooth

-8-

restoration and, where necessary, extraction, and removable denture adjustment, fitting and replacement. (Decl. of Rosenberg in Opp'n at ¶ 61.) It is Dr. Rosenberg's medical opinion that Plaintiff has no urgent conditions and requires no outside dental treatment. (Id.)

As noted, Plaintiff's and his dentist's difference of opinion with Defendants as to appropriate medical care is not sufficient to show deliberate indifference where, as here, there are no facts alleged which would support a finding that CDCR's dental care is knowingly inadequate. Plaintiff has seen CDCR dentists regularly since 2009. They have made available to Plaintiff ongoing essential assessment, maintenance, care and treatment of his various dental conditions and, they report, they have done so in compliance with the prevailing standard of care. (Decl. of Rosenberg in Opp'n at ¶ 63; Opp'n to TRO/Prelim. Inj. at Attachment 2.) Nothing before the Court is sufficient to support the conclusion that Defendants are unable to care, and are not caring, for Plaintiff's essential dental health. The Court is unable to conclude on the basis of the disputed evidence before it at this early stage of the proceedings that dental implants are indeed necessary to enable Plaintiff to chew food and that partial dentures will not suffice for that purpose. See Dixon, 845 F.Supp.2d at 1144 (prison dentist not deliberately indifferent by extracting inmate's teeth and providing partial denture, rather than allowing inmate to visit outside dentist for crowns or veneers, as course chosen was medically acceptable.) Dr. Rosenberg characterizes Dr. Albus' 2009 recommendations as outdated, and he disagrees that removal of plaintiff's temporary implants and installation of permanent ones is necessary. (Decl. of Rosenberg in Opp'n at ¶ 54.) He advises that other portions of Dr. Albus treatment plan have been or will be

implemented by CDCR dentists as necessary. (Id. at ¶¶ 56-59.)

Plaintiff's claim that while in prison he has lost teeth which Dr. Albus would have saved is speculative and unsupported. (Decl. of Phillip Spector in Supp. at ¶ 14.) Dr. Rosenburg believes that Plaintiff's loss of teeth in prison is unrelated to the implant treatment or the lack thereof; he notes that Dr. Albus himself extracted five of the total seven teeth extracted. (Id. at ¶ 55.)

Dr. Rosenberg also notes that Plaintiff's body weight is normal for his height and that there is no loss of weight attributable to his dental condition. (Id. at ¶ 62.)

Certainly, the Court can appreciate Plaintiff's desire to be treated by his own personal dentist and can also see that there may be benefit to the state in allowing such treatment at Plaintiff's expense. However, the inaccessibility of such care is not of constitutional moment. As noted, Plaintiff's and his medical expert's disagreement with Defendants' treatment decisions is not alone a basis for a federal claim. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

In summary, nothing presently before the Court establishes a likelihood of Plaintiff establishing that any named Defendant intentionally provided inadequate dental treatment or actually knew of, and disregarded, an excessive risk of harm to Plaintiff from the dental care and treatment provided or as a result of the denial of the care Plaintiff seeks. Plaintiff alleges at most a difference of opinion which does not appear to reach even a level which would support a finding of dental negligence or malpractice. Even if the contrary were true, such negligence does not by itself state or support a federal claim. Wood, 900 F.2d at 1334; Scotton v. Amerongen, - - - F.Supp.2d - - - - ,

2009 WL 1853311 at *5 (N.D. Iowa June 29, 2009) (negligent acts by prison officials are not actionable under § 1983.)

### 3. Private Dental Care

Plaintiff argues that the August 2010 P&P change does not preclude private care, and that Cal. Code Regs. tit. 15 § 3354(c) actually requires it here, where the inmate has offered to pay all costs of such private treatment. (Notice of Removal, Attach. 1 at 9, 17-18.)

Although a prisoner has a right to adequate medical care, a prisoner has "no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution." Dixon, 845 F.Supp.2d at 1143, citing Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986). Outside dental care for Plaintiff is left to prison staff discretion based on specific case factors. Cal. Code Regs. tit. 15 § 3354(a)(c)(f); P&P at Ch. 5:15(IV)(B). The policy of the CDCR is to provide only the most essential dental services. CDCR - Operations Manual § 91030.1. For the reasons discussed above, the Court is unable to conclude based on the present record that Plaintiff's dental care is constitutionally inadequate. Moreover, Defendants have noted what appear to be quite legitimate safety and security concerns attendant to transporting Plaintiff, an inmate of notoriety, for outside care. Six officers are needed to transport Plaintiff to Dr. Albus' Office. (Decl. of Lt. J. Perez in Opp'n at ¶¶ 5-7.) Past visits have been disrupted and security threatened by arrival of paparazzi and Plaintiff's wife at Dr. Albus' offices. (Id.)

Furthermore, even an adequately alleged violation of prison regulations does not give rise to a redressable § 1983 claim. The Court is unaware of any authority giving rise

to a private right of action for violation of Title 15 regulations. See e.g. Gonzaga University v. Doe, 536 U.S. 273, 283-86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Parra v. Hernandez, 2009 WL 3818376 at *8 (S.D. Cal. Nov. 13, 2009); Davis v. Kissinger, 2009 WL 256574 at *12 n.4 (E.D. Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009). Plaintiff cannot conjure such a right by claiming detrimental reliance upon the staff's previous decision to allow outside dental care. Plaintiff does not challenge the validity or constitutionality of the prison regulation. "Where the state regulation is neither unreasonable nor arbitrary, the courts will not interfere with the administrative functions of state prisons." Brooks v. Wainwright, 428 F.2d 652, 653 (5th Cir. 1970).

Accordingly, Plaintiff has failed to allege facts establishing a likelihood he will prevailing on the merits of his claim under Cal. Code Regs. tit. 15 § 3354(c).

    4.  State Law Negligence

Plaintiff alleges Defendants negligently provided dental care to him and thereby caused him to suffer severe pain and distress.

Plaintiff also fails to allege facts showing a likelihood of success on this state law tort claim. "To establish a medical malpractice claim, a plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach—proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, 1995 WL 437710 at *3 (N.D. Cal. July 13, 1995), citing Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed.1988). "[M]edical personnel

are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392–93 (9th Cir. 1988).

Defendants' evidence is that Plaintiff's treatment was in accord with applicable standards of care. (Decl. of Rosenberg in Opp'n at ¶ 63; Opp'n to TRO/Prelim. Inj. at Attach. 2.) Plaintiff has not established the contrary nor that he has suffered physical or other injury as a result of Defendants' care and treatment.[5] (Decl. of Rosenberg in Opp'n at ¶¶ 10-63.)

Additionally, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007). Thus, in pleading a state law claim, a plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (Cal. 2004). Failure to demonstrate compliance constitutes a failure to state a cause of action

---

[5] The Prison Litigation Reform Act provides that "[N]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

and will result in the dismissal of state law claims. Id.

Here Plaintiff does allege that "he filed a claim with the Victim Compensation and Government Claims board which was rejected on January 19, 2012." (Notice of Removal, Attach. 1 at ¶ 46.) This alone does not show that Plaintiff complied fully with CTCA's presentation requirements.

Accordingly, Plaintiff has failed to allege facts establishing a likelihood of prevailing on the merits of his state law negligence claims.

### 5.     Qualified Immunity

The Court need not address Defendants' qualified immunity argument as Plaintiff has failed to establish a likelihood of prevailing on the merits of his claims for the reasons stated above.

### B.     **Plaintiff Establishes No Irreparable Harm**

Plaintiff asserts, without identifying competent support therefor, that Defendants' care and treatment, and their failure follow Dr. Ablus' circa 2009 treatment plan, is causing him irreparable injury.

As noted, Defendants have been providing Plaintiff with ongoing and frequent dental care and treatment, including prioritized treatment, medication for pain and infection, and prophylaxis. Dr. Rosenberg describes Plaintiff's dental condition as non-urgent and reports that the essential care portions of Dr. Albus treatment plan which are not outdated have been or will be implemented by CDCR dentists as necessary. (Decl. of Rosenberg at ¶ ¶ 56-59, 61.) Inasmuch as Plaintiff apparently has not seen Dr. Albus in over two years, the logical inclination is to defer to the more current health and treatment plan prescribed by prison medical staff based upon Plaintff's evolving dental

condition and needs.

Plaintiff has not adduced facts of irreparable harm arising from Defendants' failure to fully implement Dr. Albus' treatment plan or provide implants. (Decl. of Rosenberg at ¶ 54.) The claim that Plaintiff's future dental treatment options have been impacted adversely by Defendants' care and treatment can not be said to be supported by the evidence before the Court. (Id. at ¶ 63.) Plaintiff has failed to demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.")

### C.  The Equities and Public Interest do not Favor Plaintiff

The absence of a likelihood of success on the merits and the failure of Plaintiff to show irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor or suggest that an injunction would be in the public interest.

Even the projected cost savings to the state from granting the relief sought here would not justify or enable the Court to step in and substitute its judgement for that of the Defendants. Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

///////

## V. CONCLUSIONS AND RECOMMENDATION

Plaintiff fails to provide facts which would enable the Court to find that he is in need of, and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's Application for Order to Show Cause in re Temporary Restraining Order and Preliminary Injunction (ECF No. 6) be DENIED without prejudice. These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 15, 2012            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE