UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SPECTOR,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, STATE OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | CASE No. 1:12-cv-01450-AWI-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE IN RE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF No. 17)<br><br>CASE TO REMAIN OPEN |

      Plaintiff Phillip Spector, a state prisoner, initiated this action on August 29, 2012 in Kings County Superior Court, pursuant to state law and U.S.C. § 1983, whereupon Defendants removed it to this Court on September 5, 2012. (Notice of Removal, ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On November 16, 2012, findings and recommendation denying Plaintiff's application for order to show cause in re temporary restraining order and preliminary injunction (F&R Denying Appl. for OSC re TRO, ECF No. 17) were filed in which the Magistrate Judge recommended that Plaintiff's application for order to show cause in re temporary restraining order and preliminary injunction to permit him to have dental work completed as previously begun by his private dentist (ECF No. 6) be DENIED. The parties were notified that objection, if any, was due within fourteen days.

On November 29, 2012, Plaintiff filed objections to the Magistrate Judge findings and recommendation. (Obj. to F&R, ECF No. 18.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendation to be supported by the record and by proper analysis.

In his Objections, Plaintiff argues a likelihood of success on the merits on grounds that Defendants CDCR and CSATF are not immune under Eleventh Amendment where injunctive relief for immediate medical care is sought[1] (Obj. to F&R at 2:24-26); Defendants' dental services are inadequate because Plaintiff continues to suffer serious pain, has lost nine teeth while incarcerated and under Defendants' care and Defendants are ignoring these serious needs, and Plaintiff's private Dentist, Dr. Albus, has opined that Plaintiff is better off under his care and treatment[2] (id. at 3:29- 6:24); Cal. Code

---

[1] Plaintiff cites to Hale v. Arizona, 993 F.2d 1387 (9th Cir. 1993).

[2] Plaintiff supports his objections with an attached unsworn "to whom it may concern" letter from Dr. Albus. This letter is extrinsic to the underlying findings and recommendation and thus not properly before the Court, is not in admissible form, and has not been considered in this ruling. Even had the letter

-2-

Regs. tit. 15 § 3354(c) entitles Plaintiff to outside dental care for "essential" services that Defendants are not capable of providing and Defendants abused their discretion in deciding otherwise (id. at 6:27-7:13); state law negligence is apparent by the fact that Plaintiff formerly enjoyed good oral health, and that state law administrative remedies have been exhausted, or exhaustion would be futile and Plaintiff's interest in "prompt access to judicial review outweighs the institutional interests favoring exhaustion."[3] (Obj. to F&R at 7:15-9:10.)

Plaintiff argues irreparable harm by citing to his ongoing decline in dental health noted by Dr. Albus, and the prospect for worsening of his dental condition. (Id. at 9:13-10:9.) Plaintiff argues the equities and public interest favor the requested injunctive relief because Defendants are indifferent to his serious dental needs, and the Court's reliance on Overton v. Bazzetta, 539 U.S. 126, 132, (2003) in support of non-intervention in the day to day management of prisons is misplaced as Overton is distinguishable on its face. (Id. at 10:11-23.)

Plaintiff's objections lack merit and fail to raise any material issue of law or fact under the findings and recommendation. The CDCR and its CSATF facility are entitled to Eleventh Amendment immunity. Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); see also Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989) (dental department of state prison part of state Department of

---

been considered, the ruling would not change as the letter is essentially cummulative of the showing in the moving papers.

[3] Plaintiff cites to Department of Personnel Administration v. The Superior Court of Sacramento County, 5 Cal.App.4th 155 (Cal. Ct. App. 1992); Ogo Associates v. City of Torrence, 37 Cal.App.3d 830 (Cal. Ct. App. 1974); McCarthy v. Madigan, 112 S.Ct. 1081, 1087 (Cal. 1992); West v. Bergland, 611 F.2d 710, 715 (8th Cir. 1979).

Corrections and immune from § 1983 actions.) Plaintiff's cited authority does not hold otherwise. Plaintiff re-argues the merits of his state law dental negligence, private care, and Eighth Amendment claims. But apart from an unsupported allegations of exhaustion futility (as to the state tort claim filing requirement) and abuse of discretion (as to denial of outside private dental care), he merely re-hashes arguments previously reviewed by the Court and found insufficient. The Court does not read Overton as narrowly as Plaintiff in terms of prison official's exercise of professional judgment to accomplish penologic goals. The Overton court noted that "[w]e must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." Overton, 539 U.S. at 126.

It remains that Plaintiff's allegations do not establish a likelihood of prevailing on, and irreparable harm arising from his claims for medical indifference, entitlement to private care, and state law negligence, and that the equities do not favor injunctive relief. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008).

////////
////////
////////
////////

Accordingly, IT IS HEREBY ORDERED that:

1. The Court adopts the findings and recommendation filed November 16, 2012 in full, and

2. Plaintiff's application for order to show cause in re temporary restraining order and preliminary injunction is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   December 18, 2012

_____
UNITED STATES DISTRICT JUDGE